United States District Court
Southern District of Texas
**ENTERED**
February 10, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARLENE TREJO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:20-CV-2808 |
| | § | |
| KILOLO KIJAKAZI, *Commissioner of Social Security Administration*, | § § § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff Arlene Trejo ("Plaintiff") filed this *pro se* lawsuit against Defendant Kilolo Kijakazi ("Commissioner")[1] seeking review of the termination of her disability benefits under Title II of the Social Security Act. (Dkt. No. 1.) Pending before the Court[2] is Commissioner's unopposed Motion for Summary Judgment. (Dkt. No. 18.) Based on the briefing, record, and relevant law, the Court **RECOMMENDS** the Motion for Summary Judgment be **GRANTED** and the case be **DISMISSED WITH PREJUDICE**.

### I.   BACKGROUND

Plaintiff is a 51-year-old woman who has worked as a supervisor at various fast food restaurants. (R. at 99–100, 120.)[3] Plaintiff has a history of problems with her back, hands, knees, and ankles. (R. at 142–44.) On January 29, 2013, Plaintiff was found unable to work due to

---

[1] Kilolo Kijakazi became the Commissioner of Social Security on July 9, 2021. Pursuant to Federal Rule of Civil Procedure 25(d), she is substituted as the defendant in this suit.

[2] On August 12, 2020, the District Judge referred this case to the undersigned for full pretrial management pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (Dkt. No. 3.)

[3] The Administrative Record in this case can be found at Dkt. No. 16.

degenerative disc disease, ankle surgery, carpal tunnel syndrome, degenerative joint disease of the knee, and obesity, and she therefore qualified for disability benefits. (R. at 146.) However, the Administrative Law Judge ("ALJ") who found her disabled noted that medical improvement was expected with appropriate treatment and recommended a continuing disability review. (*Id.*)

On January 12, 2017, the Commissioner determined Plaintiff's condition had improved such that she is able to work and terminated her disability benefits. (R. at 147–53.) Plaintiff requested reconsideration, but a Disability Hearing Officer upheld the cessation of benefits based on a consultative examination, function reports, and other medical records. (R. at 154, 178–201.) Plaintiff then requested a hearing before an ALJ. (R. at 202.) ALJ Peri Collins held a hearing on April 12, 2019 at which Plaintiff appeared without an attorney. (R. at 93–119.) Plaintiff and Michael Gartman, a vocational expert, both testified at the hearing. (*Id.*) On November 27, 2019, the ALJ denied Plaintiff's request for continued benefits, finding Plaintiff is no longer disabled as defined under the Social Security Act. (R. at 13–26.)

Plaintiff appealed to the Appeals Council and submitted new evidence dated after the hearing but before the ALJ decision. (R. at 32–47.) On May 8, 2020, the Appeals Council denied Plaintiff's request for review, finding the evidence she submitted did not show a reasonable probability that it would change the outcome. (R. at 1–5.) The ALJ's decision, therefore, represents the Commissioner's final decision in the case. *See Sims v. Apfel*, 530 U.S. 103, 106–07 (2000). On August 10, 2020, Plaintiff filed this civil action under 42 U.S.C. § 405(g) disputing the denial of benefits and identifying evidence that should be considered in evaluating her disability. (Dkt. No. 1.) Commissioner filed a motion for summary judgment on July 1, 2021 and argues the ALJ's decision is based on substantial evidence. (Dkt. Nos. 18–19.) Plaintiff did not respond or file her own motion for summary judgment despite being given multiple opportunities to do so. (*See* Dkt.

Nos. 20, 22, 24.)[4] The Court finds the ALJ's decision is based on substantial evidence and recommends summary judgment be granted in Commissioner's favor.

## II. STANDARD OF REVIEW

The court's review of a final decision of the Commissioner on a Social Security disability claim is exceedingly deferential. *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012). "[R]eview of Social Security disability cases 'is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard.'" *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (quoting *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)). When the Commissioner's decision is reached by applying improper legal standards, the decision is not supported by substantial evidence. *Singletary v. Bowen*, 798 F.2d 818, 823 (5th Cir. 1986). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept to support a conclusion' and constitutes 'more than a mere scintilla' but 'less than a preponderance' of evidence." *Hardman v. Colvin*, 820 F.3d 142, 147 (5th Cir. 2016) (quoting *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)). "'Any findings of fact by the Commissioner which are supported by substantial evidence are conclusive.'" *Heck v. Colvin*, 674 F. App'x 411, 413 (5th Cir. 2017) (quoting *Taylor*, 706 F.3d at 602).

Even so, judicial review must not be "so obsequious as to be meaningless." *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999) (quotations omitted). The substantial evidence standard is not a rubber stamp for the Commissioner's decision and involves more than a search for evidence supporting the Commissioner's findings. *Singletary*, 798 F.2d at 822–23; *Cook v. Heckler*, 750

---

[4] Plaintiff asked for additional time to obtain x-rays and other tests pertaining to her worsening condition. (Dkt. Nos. 21, 25.) The Court denied extensions on this basis but nonetheless gave Plaintiff several extensions of time to respond to Commissioner's motion.

F.2d 391, 393 (5th Cir. 1985). Rather, a reviewing court must scrutinize the record as a whole, taking into account whatever fairly detracts from the substantiality of evidence supporting the Commissioner's findings. *Singletary*, 798 F.2d at 823. The court "'may not reweigh the evidence . . . , nor try the issues *de novo*, nor substitute [its] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.'" *Johnson v. Colvin*, 595 F. App'x 443, 444 (5th Cir. 2015) (quoting *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988)).

### III. DISCUSSION

The Commissioner may terminate disability benefits if substantial evidence shows that: (1) "there has been any medical improvement in the individual's impairment or combination of impairments (other than medical improvement which is not related to the individual's ability to work);" and (2) "the individual is now able to engage in substantial gainful activity." 42 U.S.C. § 423(f)(1). Medical improvement is defined as "any decrease in the medical severity of [a claimant's] impairment(s) . . . based on improvement in the symptoms, signs, and/or laboratory findings." 20 C.F.R. § 404.1594(b)(1). Medical improvement is related to the ability to work if it results in "an increase in [a claimant's] functional capacity to do basic work activities." *Id.* § 404.1594(b)(3). In determining whether the cessation of benefits is appropriate, the ALJ must follow an eight-step analysis in which Commissioner bears the ultimate burden of proof. *Id.* § 404.1594(f); *Griego v. Sullivan*, 940 F.2d 942, 944 (5th Cir. 1991).[5]

---

[5] This eight-step analysis considers: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has an impairment that meets or equals the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (3) whether there has been medical improvement of the impairment; (4) whether any medical improvement is related to the claimant's ability to work; (5) whether an exception to medical improvement applies; (6) whether the impairment is severe; (7) whether the impairment prevents the claimant from doing past relevant work; and (8) whether the impairment prevents the claimant from doing any other work. 20 C.F.R. § 404.1594(f).

The ALJ here found Plaintiff is no longer disabled at Step Seven of the evaluation process. (R. at 13–26.) At Step One, the ALJ found Plaintiff has not engaged in substantial gainful activity since the most recent favorable decision dated January 29, 2013, the "comparison point decision." (R. at 15.) At Step Two, the ALJ found none of Plaintiff's impairments rise to the level of severity of impairments in the listings associated with major disfunction of a joint (Listing 1.02), disorders of the spine (Listing 1.04), chronic kidney disease (Listing 6.05), or any other listed impairment. (R. at 15–16.) At Step Three, the ALJ found there has been a decrease in medical severity of Plaintiff's impairments since the comparison point decision. (R. at 17–18.) At Step Four, the ALJ found the medical improvement related to Plaintiff's ability to work because it resulted in an increase in her residual functional capacity ("RFC") that now allows for a reduced range of light work. (*Id.* at 18.)[6] The ALJ did not make an explicit finding at Step Five, since Plaintiff has exhibited medical improvement related to her ability to work.[7]

At Step Six, the ALJ found Plaintiff has the following severe impairments: degenerative joint disease of the right hip, obesity, degenerative disc disease of the back, carpal tunnel syndrome, and renal disease. (R. at 18.) The ALJ also found that Plaintiff has high cholesterol, hypertension, diabetes, gastroesophageal reflux disease, asthma, and depression, but that these impairments are not severe. (R. at 19.) At Step Seven, the ALJ found Plaintiff is capable of performing her past work as a Fast Food Services Manager. (R. at 23–24.) In the alternative, the

---

[6] The ALJ found Plaintiff has the RFC to lift or carry twenty pounds occasionally and ten pounds frequently; stand, walk, or sit for six hours per day; climb, kneel, and crawl occasionally; and stoop, crouch, balance, reach, handle, finger, and push or pull frequently. (R. at 18.) The ALJ also found Plaintiff must avoid exposure to extreme heat but has no mental limitations. (*Id.*)

[7] The ALJ need only evaluate Step Five if there has been no medical improvement or the medical improvement is not related to a claimant's ability to work. 20 C.F.R. § 404.1594(f)(5).

ALJ found at Step Eight that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as cashier, cafeteria attendant, and marker. (R. at 24–25.) Therefore, according to the ALJ, Plaintiff is no longer disabled as defined under the Social Security Act. (*Id.* at 25.) The question before the Court is whether there is substantial evidence to support the ALJ's decision. The Court finds that there is.

The ALJ provided a detailed review of the evidence as to each of Plaintiff's medical conditions and a thorough explanation of her findings. The ALJ determined Plaintiff's depression is not severe because it causes mild limitations at most. (R. at 16–17.) This is supported by record evidence. (*See, e.g.*, R. at 401 (no depression), 403 (no anxiety or depression), 592 (appropriate mood and affect), 599 (no anxiety or depression), 656 (normal psychiatric findings), 707 (no suicidal ideation), 1227 (normal psychiatric findings, appropriate mood and affect), 1246 (doing well on medication).) The ALJ found Plaintiff's disc disease, joint disease, and carpal tunnel do not meet the listing requirements and do not cause the same pain or limitations as they once did. (R. at 16, 19–23.) This is also supported by record evidence. (*See, e.g.*, R. at 427 (normal range of motion and strength, no tenderness), 592 (normal strength and range of motion, some tenderness in hip), 656 (mild tenderness in back), 682 (no tenderness, normal gait), 864 (no numbness, tingling, weakness), 1052 (range of motion within functional limits and no concerning tenderness), 1227 (mild tenderness and no swelling).) Finally, the ALJ found Plaintiff does not meet the listing for renal disease because she does not require dialysis and there is no other objective evidence demonstrating related limitations. (R. at 16.) Again, this is supported by record evidence. (*See, e.g.*, R. at 404 (nonobstructive stone, recovery expected), 1221 (kidneys normal).)[8]

---

[8] The ALJ appropriately considered the effect of Plaintiff's obesity on her other medical conditions and limited her RFC accordingly. (R. at 16, 23.)

The ALJ also noted Plaintiff's daily activities in support of her finding that Plaintiff is no longer disabled. (R. at 21–23.) This is also supported by the record evidence. (*See, e.g.*, R. at 106 (returned to work at Burger King part time), 107 (exercises for at least 30 minutes three times per week and walks every day), 182 (cleans, sweeps, goes out with friends, plays bingo, travels, and goes to church), 261 (regularly goes to the park and grocery shopping), 320 (regularly goes to the gym, grocery shopping, and restaurants), 752 (goes on vacation and dancing), 1070 (went dancing in high heels for birthday celebration).) "It is appropriate for the Court to consider the claimant's daily activities when deciding the claimant's disability status." *Leggett v. Chater*, 67 F.3d 558, 565 n.12 (5th Cir. 1995); *see also Bond v. Astrue*, No. 08-CV-4125, 2010 WL 497749, at *9 (E.D. La. Feb. 2, 2010) (finding the ALJ's consideration of plaintiff's ability to clean, go on walks, visit with friends, and grocery shop appropriate).

Although Plaintiff did not respond to Commissioner's motion, she asserts in the complaint that she has evidence from August 2019 which Commissioner should consider. (Dkt. No. 1.) However, this is the same evidence Plaintiff submitted to the Appeals Council before it upheld the ALJ's decision finding her no longer disabled. (*See* R. at 2, 32–47.) The Appeals Council did not reject this evidence merely because it was dated after the ALJ's hearing, which would have been improper,[9] but instead found the evidence would not have changed the outcome of the ALJ's decision. The Court agrees. (*See* R. at 32–38 (degenerative disease and excessive angulation in spine but no fracture, spondylolysis, herniation, stenosis, or muscle abnormalities).) Moreover, this evidence was the result of a car accident and thus likely does not relate back to the time period at issue. *See Leggett*, 67 F.3d at 567. There is no merit to Plaintiff's assignment of error.

---

[9] *See Johnson v. Berryhill*, No. 16-CV-0241, 2017 WL 2964882, at *6 (N.D. Tex. June 26, 2017), *report and recommendation adopted*, 2017 WL 2954914 (July 11, 2017).

The ALJ otherwise properly considered the medical evidence, Plaintiff's subjective complaints, and the consultative examination of record in finding Plaintiff is no longer disabled. The ALJ's decision is supported by substantial evidence and, accordingly, should be affirmed.

## IV.     CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** Commissioner's Motion for Summary Judgment (Dkt. No. 18) be **GRANTED** and the case be **DISMISSED WITH PREJUDICE**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the Undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas on February 10, 2022.

Sam S. Sheldon
United States Magistrate Judge